# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, | Case No. 1:16-cv-1099 |
| Plaintiff, | |
| | Barrett, J. |
| vs | Bowman, M.J. |
| MICHAEL DILLOW, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This civil rights action is now before the Court on Plaintiff's pro se motions to "Supplement Amended Motion Filed With the Court to Add and Sue All defendants in their Official Capacity and ask for a Preliminary Injunction and Temporary Restraining Order and add Roger Wilson as Defendant for Deliberate Indifference to Plaintiff's Safety" (Doc. 12) and "Leave to Supplement Amended Complaint" (Doc. 17) and the parties' responsive memoranda.

**I. Background and Facts**

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed his Complaint for the instant § 1983 action on November 23, 2016. (Doc. 1). After Plaintiff corrected deficiencies, the Court, on December 16, 2016, issued its Order that Plaintiff could proceed with his claims subject to further development. (Doc. 6). Notably, the instant complaint names Defendants: Bauer, Dillow, Osborne, Rogers and Ryder. (Doc. 1).

The Court then issued its Calendar Order setting the Discovery deadline as September 1, 2017 and the Dispositive Motion deadline as November 1, 2017. (Doc. 10).

1

Thereafter, on January 25, 2017, Plaintiff filed a motion to supplement his complaint, add new defendants and for a temporary restraining order. (Doc. 12). Plaintiff then filed an objection to the discovery deadline and expressed his desire to extend the discovery deadline by 30 to 60 days (from September 1, 2017). (Doc. 18). Plaintiff therein references alleged new defendants: Warden Erdos, Deputy Warden Cool, and Institutional Inspector Mahlman and Chief Inspector Wilson. Plaintiff also requests to supplement an amended complaint. (Doc. 17). Plaintiff's requests will be addressed in turn.

**II. Analysis**

*A. Plaintiff's requests to supplement and amend the complaint (Docs. 12, 17)*

Plaintiff purportedly seeks to amend his complaint to add claims against defendants in their official capacities and to add new defendants, Warden Erdos, Deputy Warden Cool, and Institutional Inspector Mahlman and Chief Inspector Wilson. Plaintiff's request is not well taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.*, 2009 WL 3154241 (6th Cir. 2009); *see Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso*, 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2) provides that leave to amend may be denied for: (1)

undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible*. Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Additionally, proposed amendment's a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§1915 and 1915A. Court have generally held that "[u]nrelated claims against different defendants belong in difference suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(citing 28 U.S.C.§ 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted)(new unrelated claims against new defendants not allowed).

Here, Plaintiff's proposed amendments would not survive a motion to dismiss and are therefore futile. In this regard, Plaintiff fails to provide any factual support showing the proposed defendants violated Plaintiff's constitutional rights. Notably, Plaintiff simply references his request to sue all defendants, adding official capacity,

3

preliminary injunction and temporary injunction, and the request the addition of Roger Wilson "for deliberate indifference." Plaintiff essentially parrots allegations against the initial Defendants Bauer, Dillow, Osborne, and Rogers and simply names Duty Warden Cool, Warden Erdos, and Institutional Inspector Mahlman – without any support. As such, Plaintiff proposed amendments fail to meet the pleading standards outlined in *Iqbal* and *Twombly*.

As noted by the Defendants, merely naming names and casting accusations is not sufficient to bring a claim. Plaintiff's moving target approach to this litigation not only causes unduly delays of the proceedings but causes significant prejudice to Defendants who are forced to defend against an ever-changing array of claims and defendants. *Bowden v. American Morg. Servicing, Inc.,* 512 Fed. Appx. 468, 469, \*\*2 (6th Cir. January 17, 2013). *See also McDougald v. Mahlman*, No. 1:16-CV-317, 2016 WL 6157625, at \*2–3 (S.D. Ohio Oct. 6, 2016), report and recommendation adopted, No. 1:16-CV-317, 2016 WL 6208580 (S.D. Ohio Oct. 21, 2016) (denying motions to amend because "Plaintiff's motions consist solely of unsupported allegations and conclusory statements.").

For these reasons, Plaintiff's requests to amend the complaint are not well-taken and should be denied.

*B. Plaintiff's motion for a restraining order (Doc.*

Plaintiff also seeks a preliminary injunction and temporary restraining order. In this regard, Plaintiff requests that the Court issue an Order to "transfer Plaintiff to another institution for safety." (Doc. 12 at 2). Plaintiff's request is not well-taken.

4

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Ratcliff v. Moore*, 614 F.Supp.2d 880 (S.D.Ohio 2009) (citing *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir.1991)).

Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. He has not shown a strong likelihood that he would prevail on his claims, nor has he alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result if the injunction is not issued. Plaintiff does not provide any basis, legal or factual, for a preliminary injunction.

In addition, an injunction is also not warranted in this case because the purpose of a preliminary injunction, is to preserve the status quo until a trial on the merits can be held would not be served. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir.1991). The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to

be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. Id.

Accordingly, the undersigned recommends that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Doc. 12) should be denied.

**III. Conclusion**

For these reasons, is therefore **RECOMMENDED** that Plaintiff's motions (Docs. 12, 17) be **DENIED.**

*s/*Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERONE MCDOUGALD,

    Plaintiff,

vs

MICHAEL DILLOW, et al.,

    Defendants.

Case No. 1:16-cv-1099

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7