THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

JERONE MCDOUGALD,

    Plaintiff,

vs.

MICHAEL DILLOW, ET AL.,

    Defendants.

Case No.1:16-CV-01099-MRB

Judge Michael R Barrett

**ORDER**

This matter is before the Court on the magistrate judge's report (Doc. 55) recommending denial of Plaintiff's motion for summary judgment (Doc. 34), and the granting of Defendants' motion for summary judgment (Doc. 43). The magistrate judge recommended that the remainder of Defendants' motions (Docs. 40, 47, 53, 54) be denied as moot.

On August 15, 2018, Plaintiff filed objections to the R&R (Doc. 56), and Defendants responded (Doc. 57). This matter is ripe for disposition.

**I.    BACKGROUND**

Plaintiff, an inmate at Southern Ohio Correctional Facility, alleges unconstitutional use of excessive force, denial of medical care, and first amendment retaliation. (Doc. 1) Although the Court will not reiterate the factual background of this case (which was accurately summarized by the magistrate judge in the R&R), unless necessary to address specific objections, the Court does wish to independently recognize Plaintiff's lengthy litigation history in this and other courts. To the extent that Plaintiff seeks leniency for defects in his papers, given his *pro se* status, the Court finds his following bolded cases filed in the Southern District of Ohio relevant to his notice of the rules governing summary judgment:

(1) **1:08-cv-744** (claim of excessive force during arrest);
(2) **1:16-cv-317** (First Amendment retaliation claims);
(3) **1:16-cv-497** (Eighth Amendment claims regarding use of pepper spray on multiple dates);
(4) 1:16-cv-500 (claim relating to medical care for colitis, including allegedly prescribed high calorie diet);
(5) **2:16-cv-545** (claim regarding failure to provide kosher meals).
(6) **1:16-cv-900** (claims regarding use of pepper spray and retaliation);
(7) 1:17-cv-72 (involuntary blood draw);
(8) 1:17-cv-91 (alleged violation of due process rights in RIB hearing, and retaliation claim);
(9) **1:17-cv-95** (claim regarding use of pepper spray);
(10) **1:17-cv-124** (claim regarding use of pepper spray);
(11) **1:17-cv-127** (claim regarding "flood of biocontaminate" in cell);
(12) **1:17-cv-196** (retaliation claim);
(13) 1:17-cv-464(involuntary blood draw);
(14) 1:18-cv-80 (pepper spray incident of August 7, 2017);
(15) 1:18-cv-93 (September 28, 2017 alleged attack and denial of medical treatment);
(16) 1:18-cv-135 (same September 28, 2017 incident);

The magistrate judge noted that Plaintiff appears to be equally litigious in state court, which follows virtually identical summary judgment practices.

## II. STANDARD

When objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Rule 72 requires objections to be "specific":

> Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain a different result on that particular issue. Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a

>       specific objection that alerts the district court to the alleged errors
>       on the part of the magistrate judge.

*Martin v. E.W. Scripps Co.,* No. 1:12CV844, 2013 U.S. Dist. LEXIS 155673, at *5 (S.D. Ohio Oct. 30, 2013) (*citations omitted*). "A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed." *Allen v. Ohio Dep't of Rehab. & Correction,* 202 F.3d 267 (6th Cir. 1999).

### III. ANALYSIS

Plaintiff objects as follows: (1) "it was an error in the context of the entire record for [the] magistrate [judge] to find that plaintiff failed to prove eighth amendment excessive force claims" (Doc. 56, PageID 427); (2) "it was an error in the context of the entire record for the magistrate [judge] to find that plaintiff's claim for denial of medical care fails as a matter of law" (*id.* at 429) (3) "it was an error in the context of the entire record for the magistrate [judge] to fail to allow plaintiff to amend his summary judgment and complaint to add the required declarations" (*id.* at 430); (4) "it was an error in the context of the entire record for the magistrate [judge] to find plaintiff failed to prove retaliation claims" (id. at 431); (5) "defendants are not entitled to qualified immunity" (*id.* at 432).

The Court will begin with Plaintiff's third objection, because Plaintiff's reliance on his prior allegations without the support of affidavits or declarations bears on his ability to sustain his summary judgment obligations, both as a movant and as an opponent.[1] Plaintiff filed his motion for summary judgment (Doc. 34) on January 16, 2018, without the support of any affidavit or declaration. Over four months later, after Defendants filed their own motion for

---

[1] The summary judgment standard was accurately stated by the magistrate judge. (Doc. 55, PageID 410-11).

3

summary judgment and Plaintiff opposed,[2] Plaintiff requested leave to submit an untimely declaration—blaming his failure to submit his declaration earlier on the prison notary who refused to notarize Plaintiff's declaration. (Doc. 53, PageID 397). The Court is unmoved by Plaintiff's plea for leniency, for the following reasons: (1) having filed at least seventeen civil rights cases in this Court, Plaintiff is well aware of the important role declarations play at the summary judgment phase; (2) if Plaintiff had timely sought notarization of his papers, Plaintiff could and should have apprised the Court of the notary's refusal in his motion (Doc. 34) and/or opposition (Doc. 52), rather than waiting four months to seek leave to file his declaration; (3) Plaintiff's motion for leave tellingly omits information regarding *when* he approached the prison notary, and was allegedly refused the requested notarization; and (4) legally, declarations need not be notarized if they otherwise comply with 28 U.S.C. § 1746. *See, e.g., Enyart v. Franklin Cty.*, No. 2:09-CV-687, 2012 U.S. Dist. LEXIS 70937, at *2-3 n.1 (S.D. Ohio May 22, 2012) ("The affidavit need not be notarized. It is sufficient if the affiant makes an unsworn declaration under penalty of perjury in the following form: 'I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature).'"). Accordingly, Plaintiff's third objection is not well taken.

Plaintiff's reliance on conclusory assertions is fatal to the remainder of his objections, as he fails to offer other evidence creating genuine disputes of material fact on his claims of excessive force, denial of medical care, and retaliation. Defendants offer significant evidence in the form of incident reports and medical evaluation forms supporting that: (a) pepper spray was used to subdue Plaintiff after he endangered corrections officers by refusing to let go of a loose

---

[2] It bears noting that, initially, Plaintiff did not file a memorandum in opposition to Defendants' motion for summary judgment. He was prompted to file by the magistrate judge's show cause order. (Doc. 48).

cuff; and (b) despite Plaintiff's obstructive behavior, Plaintiff was offered decontamination and was seen by a nurse shortly after he was sprayed (Doc. 43-7; PageID 296, 298-301, 304) (Doc. 43-3, PageID 271)(Doc. 43-2, PageID 268)(Doc. 43-1, PageID 264). Defendants also submitted video footage consistent with Defendants' assertions that Plaintiff was sprayed after he refused to release a loose cuff. (Doc. 43-11) (see 8:16:09-8:16:23).[3] In response to this evidence, Plaintiff offers conclusory allegations (again, without even the support of an affidavit or declaration). Specifically, on the excessive force claim, Plaintiff asserts that Defendants gave a "fabricated version of events" (Doc. 52, PageID 385, 389); on the denial of medical care claim, Plaintiff asserts that Defendants (in particular Nurse Reiter) gave false information (*id*. at 385); and, on the retaliation claim, Plaintiff offers only conclusory allegations that the use of pepper spray was motivated by "filing lawsuits" (Doc. 52, PageID 391) rather than his violation of penological rules (*i.e.*, his failure to release a loose cuff). On this record, Plaintiff simply cannot sustain his summary judgment burden. Likewise, Plaintiff's arguments regarding qualified immunity also fail, because it is Plaintiff's burden to show that Defendants are *not* entitled to qualified immunity. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) ("When, as here, a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity."). Accordingly, the remainder of Plaintiff's objections are not well taken.[4]

---

[3] Plaintiff claims that "Defendant Osborne . . . places the pair of cuffs up to the cell entrance to make it look like Plaintiff had a hold of the handcuffs[.]" (Doc. 56, PageID 425). The officers were visible during the relevant period of time. The video footage does not show any officer "placing cuffs" up to the cell.

[4] It bears noting that the Court is not entirely convinced that Plaintiff's objections comply with Rule 72's specificity requirement. Nonetheless, the Court still considered the merits of the objections.

## IV.  CONCLUSION

Therefore, consistent with the above, Plaintiff's objections (Doc. 56) are **OVERRULED** and the R&R (Doc. 55) is **ADOPTED IN ITS ENTIRETY**.  Accordingly:

(a) Plaintiff's motion for summary judgment (Doc. 34) is **DENIED**;
(b) Defendants' motion for summary judgment (Doc. 43) is **GRANTED**; and
(c) The remainder of the pending motions (Doc. 40, 47, 53-54, 58) are **DENIED AS MOOT**.

This matter is closed and terminated from the active docket of this Court.

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
    United States District Judge