UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,                  Case No. 1:16-cv-1099
    Plaintiff,

                                                                          Barrett, J.
    vs.                                                       Bowman, M.J.

MICHAEL DILLOW, et. al.,             **REPORT AND**
    Defendants.                           **RECOMMENDATION**

        Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] has filed a prisoner civil rights action under 42 U.S.C. § 1983. On September 21, 2018, the Court entered a final Order and Judgment granting defendants' motion for summary judgment. (Docs. 59, 60). Thereafter, on October 3, 2018, October 29, 2018, November 13, 2018, and November 21, 2018 plaintiff/appellant filed a notice of appeal, motion for leave to appeal *in forma pauperis*, amended motion for leave to appeal *in forma pauperis*, and another motion for leave to appeal *in forma pauperis*. (Docs. 61, 63, 65, 67). On November 21, 2018, the undersigned issued a Report and Recommendation that plaintiff/appellant's motion for leave to appeal *in forma pauperis* be denied on the ground that

---

[1] As of this date, plaintiff has filed twenty-two cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy,* 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear,* 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad,* 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

plaintiff/appellant is prohibited from obtaining pauper status on appeal pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). (Doc. 68). In making this recommendation, the undersigned found that plaintiff/appellant failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice of appeal, which would enable him to proceed on appeal *in forma paupers* despite his prior three strikes.

Plaintiff/appellant subsequently filed a "motion for leave to amend appeal to add imminent danger of serious physical injury," in which he seeks to satisfy the exception to the three-strikes provision in § 1915(g) for prisoners who are under imminent danger of serious physical injury. (Doc. 69). Without factual elaboration, plaintiff/appellant claims he has "been the subject of death threats by defendants Bauer, Osborne, Rogers, [and] Dillow" and is "currently being denied medical attention by nurses Reiter, Hart, Rayburn." (Doc. 69 at PageID 491). In his objections to the Report and Recommendation, plaintiff/appellant also states that he was "OC sprayed and denied medical on Oct. 15, 2018 and has been subject to numerous death threats." (Doc. 70 at PageID 493).

Defendants/appellees have filed a response in opposition to plaintiff/appellant's motion (Docs. 71, 72), to which plaintiff/appellant has replied. (Doc. 74).

## I. OPINION

Plaintiff/appellant is prohibited from obtaining pauper status for the purpose of appealing the judgment in this civil action. *See* 28 U.S.C. § 1915(g). As the undersigned has previously noted:

> Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner

2

were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

*McDougald v. Salyers*, Case No. 1:18-cv-523 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Aug. 2, 2018) (Doc. 2).

Accordingly, plaintiff/appellant may not appeal *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315. *See also Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed).

Plaintiff/appellant claims he is in imminent danger based on alleged death threats on the part of the defendants to this action and allegations of insufficient medical treatment. The undersigned notes that plaintiff/appellant currently has at least seven cases pending in which he claims that he is in imminent danger based on death threats by other defendants and/or generalized lack of medical care claims. *See Case Nos.* 16-317 (Doc. 120: "I am constantly being subject to death threats and being denied medical."), 16-1099 (Doc. 69 at PageID 491) ("I

3

have been the subject of death threats by defendants Bauer, Osborne, Rogers, Dillows"), 17-95 (Doc. 53 at PageID 305) ("plaintiff has been threatened with death by Lt. Kyer . . . along with being the subject of excessive force denial of medical treatment and being subject to cold air from the intentional opening of the windows outside my cell"), 17-464 (Doc. 41 at PageID 218) ("I have been threatened with death by Defendant Williams and her co-workers . . . and been subject to retaliation and excessive force and the denial of medical treatment."), 18-498 (claiming to be "the subject of death threats daily with the most recent death threats occurring on January 3, 2018 by c/o Lafferty and c/o Late."), 19-50 (Doc. 1 at PageID 9–10) (claiming imminent danger based on death threats from Brian Barney and based on the denial of medical treatment), and 19-107 (Doc. 1 at PageID 12) (claiming imminent danger based on the denial of medical treatment related to OC spray).[2]

In one of plaintiff/appellant's cases, the Court recently denied plaintiff/appellant's motion to amend his complaint to include allegations of imminent danger and denied petitioner's motion for leave to proceed *in forma pauperis*. Specifically, plaintiff/appellant sought to amend the complaint to include allegations that he was denied mental health treatment and was sprayed "with a deadly amount of OC spray on Oct. 15, 2018, and denied medical treatment." *See McDougald v. Ms. Salyers*, 1:18-cv-523 (S.D. Ohio Feb. 1, 2019) (Doc. 7). These are the same allegations plaintiff/appellant raises in his objections to the pending Report and Recommendation in this action.[3] (*See* Doc. 120). The Court denied plaintiff/appellant's

---

[2] *See also* Case No. 2:19-cv-257 (alleging that he is in imminent danger as a result of being denied medical care following "numerous head, face fracture injuries, hand, mouth, nose injuries, shoulder injuries, in which resulted in emergency hospitalization in the Ohio State University Medical Center").

[3] In that case, plaintiff/appellant also alleged that the defendants threatened to kill him on several occasions. *See* Case No. 18-523 (Doc. 6 at PageID 38).

4

motions, reasoning as follows:

> With regard to Mr. McDougald's allegations, the Court concludes that the failure to provide medical treatment for the alleged October 15, 2018 "deadly amount of OC spray" did not exist at the time of McDougald's July 30, 2018 complaint, and is, therefore, not an appropriate amendment to the instant action. Accordingly, his request to amend his complaint to include this allegation is denied.
>
> The Court has no doubt that Mr. McDougald struggles with mental health challenges and in obtaining the best possible treatment for those challenges. However, viewed in context with his Complaint in this case and with the allegations contained in many of his prior lawsuits in the Southern District of Ohio, the Court finds that the allegations are insufficient to allow a court to draw reasonable inferences that the danger presently exists. Accordingly, Mr. McDougald's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) is **DENIED.**

*McDougald v. Ms. Salyers*, No. 1:18-cv-523 (S.D. Ohio Feb. 1, 2019) (Doc. 7 at PageID 45).

Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should similarly be denied in this action. First, the Court finds plaintiff/appellant's self-serving and conclusory allegations that the defendants to virtually all of his pending lawsuits have threatened him with death incredible and otherwise insufficient for the Court to reasonably infer that petitioner is under imminent danger. *See Vandiver v. Prison Health Servs., Inc.,* 727 F.3d 580, 585 (6th Cir. 2013) ("district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).") (quoting *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)). Unsupported, vague, and conclusory allegations of verbal threats are insufficient to satisfy the imminent danger exception. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying imminent danger exception because the plaintiff's pleading was "largely a collection of vague and utterly conclusory assertions"); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's

5

allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception). Second, consistent with the Court's February 1, 2019 Order in Case Number 1:18-cv-523, plaintiff/appellant's unrelated allegations concerning the use of OC spray on October 15, 2018 and the alleged denial of medical treatment do not permit the Court to reasonably infer that plaintiff/appellant is currently under threat of imminent danger.

Accordingly, the undersigned's November 21, 2018 recommendation that plaintiff/appellant's motions for leave to proceed in forma pauperis on appeal (Docs. 63, 65, 67) be **DENIED** and that plaintiff/appellant be assessed the appellate filing fee and be given thirty days within which to pay it remains unchanged. Plaintiff/appellant's motion to amend his appeal to add facts pertaining to imminent danger (Doc. 69) should also be **DENIED.**

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERONE MCDOUGALD,　　　　　　　　　Case No. 1:16-cv-1099
　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Barrett, J.
vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

MICHAEL DILLOW, et. al.,
　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7